UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JENNIFER A. GOSAR, HOWARD GALE, ELIZABET MUELLER, GRAHAM NICHOLAS PEDA, NIKITA MINKIN, JESSIE YADLOWSKY

    Defendants.

CASE NOS. 19-306; 19-307; 19-308; 19-313; 19-315; 19-320

**ORDER DENYING DEFENDANTS' JOINT MOTION TO IMPANEL JURY**

Defendants, Jennifer A. Gosar, Howard Gale, Elizabeth Mueller, Graham Nicholas Peda, Nikita Minkin and Jessie Yadlowsky ("Defendants") are charged with violating 41 CFR 102.74.385, failing to obey the lawful direction of Federal Police Officers and other authorized individuals. The violation is a petty offense and Defendants are therefore not entitled to a Jury Trial. However, by counsel, Defendants jointly move the Court to exercise its discretion to empanel a jury. Dkt. 8. The Court having considered the motion, the government's untimely opposition, Dkt. 13, and Defendants' reply, Dkt. 14, **DENIES** the motion.

Defendants do not have the right to a jury trial and do not so claim. Rather Defendants ask the Court to exercise its discretion to empanel a jury. Dkt. 8 at 2-3. Defendants argue that in a few unique cases judges have empaneled juries. There is nothing unique about the specific

ORDER DENYING DEFENDANTS' JOINT
MOTION TO ENPANEL JURY - 1

facts of Defendants' cases. Federal petty offense citations for protesters are common, the case does not involve novel legal or factual issues, and the United States does not seek jail time. As the Court in *United States v. Rodriguez*, 2010 WL 11531202 at *1 (D. Idaho Oct. 15, 2010), a case Defendants rely upon, stated "virtually all Class B misdemeanors need not be tried to a jury." It is only when the case involves something other than a "run-of-the mill petty offense" is "deviation from this general rule . . . well suited."

Defendants also argue the Court should empanel a jury because (1) Defendants' defense the CFR involved here is an impermissible delegation of legislative authority and vague "demand that criminal punishment be levied only at the hands of a jury"; (2) Jurors are best suited to assess Defendants' protest actions; and (3) Jurors are best suited to assess a necessity and Religious Freedom Restoration Acts (RFRA) defenses. Dkt. 8 at 5-7. The arguments fail. Whether the CFR involves an impermissible delegation of legislative authority or is vague or overbroad raise questions of law for the Court to resolve and are the subject of Defendants' motion to dismiss. *See* Dkt. 12. There is also nothing unique about Defendants' protest actions or defenses that diminishes the Court's ability to try the case or which compel empaneling a jury.

The Court thus concludes Defendants have failed to show the facts of the case justify diverging from the general rule that a petty offense shall be before the Court, not a jury. Defendants' joint motion Dkt. 8, to empanel a jury is accordingly **DENIED**.

DATED this 8th day of January, 2020.

                                                BRIAN A. TSUCHIDA
                                                Chief United States Magistrate Judge